Honorable Joe Resweber Harris County Attorney Harris County Courthouse Houston, Texas 77002
Re: Method of depositing money collected by the county tax assessor-collector in the county depository.
Dear Mr. Resweber:
You hae requested our opinion regarding the proper method of depositing money collected by the county tax assessor-collector in the county depository. You suggest that articles 1709 and 1709a, V.T.C.S., which require the county treasurer to "receive all moneys belonging to the county from whatever source they may be derived," appear to be in conflict with article 2549, V.T.C.S., which directs the county tax assessor-collector to
 deposit all taxes collected by him . . . in such [county] depository or depositories, as soon as collected, pending the preparation of his report of such collection and settlement thereon.
Although articles 1709 and 1709a were last amended in 1971, and article 2549 was last amended in 1969, the relevant language in each of them has been in effect for many years. In Attorney General Opinion H-183 (1973), we addressed the question of whether a county tax assessor-collector need "secure a Deposit Warrant in accordance with Article 1657 and daily turn over . . . monies to the County Treasurer." We recognized in that opinion that the assessor-collector has occasion to deposit funds in the county depository prior to transferring such monies to the county treasurer, and we relied largely upon language in Attorney General Opinion M-167 (1969), which had held that a tax assessor-collector is required
 to deposit tax funds in his possession in the county depository pending transfer of the funds to the County Treasurer.
In our opinion, this conclusion remains valid. Articles 1709 and 1709a do not preclude the assessor-collector from initially depositing daily receipts in the county depository, but merely require that, at some time, the treasurer receive the funds. Likewise, article 2549 does not prohibit transfer of tax monies to the county treasurer in accordance with other statutes, but directs only that the assessor-collector initially deposit all receipts in the county depository. Thus, we believe that the statutes can readily be harmonized on the basis of Attorney General Opinion M-167. Rather than conflict, the statutes complement each other. Accordingly, it is out opinion that the county tax assessor-collector is required to deposit tax funds in his possession in the county depository pending transfer of these funds to the county treasurer.
 SUMMARY
A county tax assessor-collector is required to deposit tax funds in his possession in the county depository pending transfer of such funds to the county treasurer.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee